### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

AMANDA VILLANUEVA,

    Plaintiff,

v.                                                  NO. 11-CV-769 WJ/LAM

ROOSEVELT COUNTY
DETENTION CENTER, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND

THIS MATTER comes before the Court on Plaintiff's Motion to Amend (**doc. 29**), filed December 21, 2011, and also on Defendants Eastern New Mexico University Police Department's and Officer Morales's Motion to Dismiss (**doc. 12**), filed September 15, 2011; Defendants Portales Police Department's and City of Portales's Motion to Dismiss (**doc. 15**), filed September 28, 2011; and Defendants Roosevelt County Detention Center's and Board of County Commissioners's Motion to Dismiss (**doc. 13**), filed September 21, 2011.

The Court finds that Plaintiff may amend as of right; however, some parts of Plaintiff's proposed amended complaint will be **denied** as futile, while others will be allowed in an Amended Complaint. The Court having granted in part Plaintiff's Motion to Amend, Defendants' motions to dismiss, filed as to the original Complaint, are **denied** as moot.

### BACKGROUND

Plaintiff Amanda Villanueva alleges that she was pulled over by Defendant Michael Morales for speeding on August 20, 2010. Defendant Morales is a police officer employed by Defendant Eastern New Mexico University Police Department ("Police"). During the stop,

Defendant Morales discovered a warrant for Plaintiff's arrest.  He arrested Plaintiff and transported her to Defendant Roosevelt County Adult Detention Center ("Detention Center"). Plaintiff was held at the detention center for three hours, during which time she was not allowed to stand despite advising Defendant Morales and Detention Center personnel that she was unable to sit for long periods of time because of a medical condition.  Additionally, though she advised Defendants that she needed to take medication at certain times to avoid significant pain, she was not allowed to take the medication.  After about three hours, Defendants discovered that the arrest warrant had been quashed, whereupon Plaintiff was released.  Plaintiff alleges that, although the warrant had been quashed years before, an unnamed court clerk of Defendant City of Portales ("City") had during those years failed to remove the warrant from the system. Plaintiff suffered various harms including medically related pains and an anxiety attack.

Plaintiff makes six Claims for Relief based upon these actions:

- Claim One: Unconstitutional Arrest Without Probable Cause, brought pursuant to section 1983, against Defendant Morales;

- Claim Two: Unconstitutional Detention Without Cause, brought pursuant to section 1983, against Defendants Morales and the Board of County Commissioners of Roosevelt County ("Commissioners");

- Claim Three: Negligence against Defendant City of Portales;

- Claim Four: Assault and Battery, against Defendants Morales, Police, City, and Commissioners;

- Claim Five: Negligence, against Defendants Morales, Police, and Commissioners;

- Claim Six: Wrongful Arrest and False Imprisonment, against all Defendants.

Plaintiff no longer refers to the Roosevelt County Detention Center or the Portales Police Department as Defendants, and therefore the Court considers Plaintiff to have dropped claims against those Defendants and dismisses them from the case.

Defendants argue that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and oppose Plaintiff's Motion to Amend, renewing and supplementing their previous arguments in the guise of the futility of amendment of those claims. The Court considers those arguments in the context of opposition to allowing Plaintiff to amend her Complaint.

## LEGAL STANDARD

Motion to Dismiss. To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, if true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations of liability, without supporting factual content, are insufficient. "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950.

Motion to Amend. Rule 15(a) of the Federal Rules of Civil Procedure governs motions to amend complaints and states that the court "should freely give leave when justice so requires." Generally, a court may refuse to grant leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). An amended complaint is futile, and therefore may be denied, if the amended complaint fails to state a claim. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Accordingly, a court will only grant a motion to amend if the proposed amended complaint sets forth sufficient facts to survive a motion to dismiss.

3

**DISCUSSION**

Defendants' only arguments against allowing Plaintiff to file an Amended Complaint are based on futility of amendment. Therefore the Court will address only whether the Claims in Plaintiff's proposed Amended Complaint are futile, and to the extent that any claims are not futile, the Court finds that Plaintiff may amend as of right.

There are two essential factual occurrences upon which Plaintiff's claims are founded: she was arrested and detained pursuant to a warrant which should have been removed from the system; and also during the detention she was allegedly treated in a way not in accordance with her medical needs.

**I.    Erroneous Warrant**

Plaintiff argues that her Fourth Amendment rights were violated because she was arrested pursuant to a warrant that was erroneously maintained in the police system. The warrant for arrest, though presumably valid at the time of its issuance, had been quashed, and should have been removed from the system. Nevertheless, as Defendants point out, there is clear case law that an officer is entitled to rely on a facially valid warrant in making a probable cause determination—even if that warrant proves in the end to be invalid—and that no Fourth Amendment violation occurs in such circumstances. *See, e.g.*, *Baker v. McCollan*, 443 U.S. 137 (1979); *Hill v. Bogans*, 735 F.2d 391, 393 (10th Cir. 1984). Therefore Officer Morales had probable cause to arrest Plaintiff, and was not required to independently confirm the validity of the warrant. *See Smyth v. City of Lakewood*, 1996 WL 194715, 4 (10th Cir. 1996) ("An officer on the highway is entitled to rely on an accurate computer notification that there is an existing warrant for an individual's arrest. The officer is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a

warrant before making the arrest."). Therefore Plaintiff fails to state a claim for deprivation of her Fourth Amendment rights as a result of her arrest and detention pursuant to the facially valid warrant in the system. Accordingly, the Court does not allow inclusion of Claim One in the Amended Complaint.

Plaintiff's Claim Six for state-law false imprisonment and wrongful arrest would also be futile in an amended complaint. Although there is a waiver of immunity in N.M. STAT. ANN. § 41-4-12 (1978) for false imprisonment and wrongful arrest, here the facts alleged would not support these claims. As stated above, Defendant Morales was entitled to rely on the facially valid warrant for Plaintiff's arrest in his probable cause determination, and thus there was sufficient probable cause for her arrest. The Defendants point to New Mexico case law for the proposition that no liability attaches for the state law claims of false imprisonment and wrongful arrest when an officer had probable cause to arrest. *See, e.g.*, *Dickson v. City of Clovis*, 242 P.3d 398 (N.M. App. 2010) (holding that "claims for false imprisonment, false arrest, and malicious prosecution presuppose that [a defendant does] not have probable cause to arrest Plaintiff"); *Santillo v. N.M. Dept. of Public Safety*, 173 P.3d 6 (N.M. App. 2007); *State v. Johnson*, 930 P.2d 1148 (N.M. 1996). Therefore the Court does not allow Plaintiff to include this claim in an amended complaint.

Additionally, it would be futile to allow Plaintiff's state-law claims against Defendant City of Portales to be included in an amended complaint. These claims are premised upon the allegedly negligent failure of an unnamed clerk to remove the quashed warrant from the system. Defendant City argues that the court clerk is not a "law enforcement officer" under the waiver of immunity in Section 41-4-12, and points to a significant amount of case law in support of that position. Plaintiff makes no meaningful effort to distinguish this case law, nor make any

alternative arguments as to how she might pursue state-law claims against Defendant City. Therefore, since Claim three applies only to the City of Portales, the Court considers inclusion of that claim in an amended complaint to be futile, and the Court also removes Defendant City from the other state law claims asserted against it. Plaintiff has not asserted federal claims against Defendant City.

Although Plaintiff has failed to assert viable claims regarding her arrest pursuant to a warrant that should have been removed from the system, the Court is sympathetic to Plaintiff's frustration at the situation. Governmental bureaucracies have enormous power over the daily lives of citizens, and when one makes what seems to be a small error, that error can have huge ramifications. Plaintiff has not, however, asserted any valid claims against the City of Portales, and so the only option for the Court at the present time is to dismiss the City of Portales from this lawsuit.

## II.     Medical Needs

As to Plaintiff's claims stemming from her treatment while detained, allowing amendment would not be futile. Plaintiff has a right under the Fourth Amendment to be free from unreasonable seizure, including the excessive use of force during the course of her arrest. That right does not require physical contact. *See Martin v. Board of County Com'rs of County of Pueblo*, 909 F.2d 402, 406 (10th Cir. 1990). Additionally, Plaintiff has a right under the Fourteenth Amendment's due process clause to appropriate medical treatment according to the same standard required by the Eighth Amendment. *Id.* Defendants expend little effort to oppose this aspect of Plaintiff's claims, and the Court finds that the proposed amended complaint alleges sufficient facts to survive a motion to dismiss under 12(b)(6), and thus that amendment would not be futile as to this aspect of Plaintiff's claims.

Nevertheless, claims under section 1983 to be brought against municipalities such as Defendant Commissioners under *Monell* must allege an unconstitutional custom or policy. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 689–91 (1978).  Plaintiff has alleged no such custom or policy, even with a liberal reading of the Complaint or the proposed amended complaint.  Therefore the assertion of Plaintiff's Claim Two against Defendant Commissioners is futile.

As to Plaintiff's state law claims, Claim Five alleges negligence against Defendants Morales, Police, and Board of County Commissioners.  However, N.M. STAT. ANN. § 41-4-12 (1978) contains no waiver of sovereign immunity for negligent conduct.  While Plaintiff attempts to argue that a waiver occurs under section 41-4-6, that section waives immunity regarding the "operation and maintenance of any building, public park, machinery, equipment or furnishings."  The facts alleged do not involve the maintenance and operation of a building, but instead the conduct of detention center and law enforcement personnel during a routine post-arrest detention, and none of the allegations involve the building in any way.  Beyond this argument, Plaintiff suggests no other routes to liability of the government entities and public employees for negligent conduct during the course of official duties.  Therefore inclusion of Claim Five in the amended complaint is futile.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Amend is hereby **GRANTED** in part. Specifically, the Court holds the following claims enumerated in the Proposed Amended Complaint to be futile:

- Claim One
- Claim Two as to Defendant Commissioners.

- Claim Three

- Claim Four as to Defendant City of Portales

- Claim Five

- Claim Six

These claims may not be included in Plaintiff's Amended Complaint, and the Court hereby **DISMISSES** Defendants Roosevelt County Detention Center, Portales Police Department, and City of Portales from the case.

Defendants have not made a sufficient showing that the remaining claims—to the extent that they are premised on the alleged refusal to allow Plaintiff to stand and take her medicine—are futile. Accordingly, the Court finds that the following claims are not futile:

- Claim Two as to Defendant Morales

- Claim Four

Therefore the Court **GRANTS** Plaintiff's motion as to claims Two and Four in Plaintiff's proposed amended complaint, and allows Plaintiff to file an Amended Complaint within ten days of the date of entry of this Memorandum Opinion and Order containing these claims. Because the Court allows Plaintiff to file an Amended Complaint, Defendants' motions to dismiss, made in reference to Plaintiffs original Complaint, are **DENIED** as moot.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE